**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RIGOBERTO ZENJEDAS TRUJILLO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 2:26-cv-06845-BFM<br><br>**ORDER GRANTING HABEAS PETITION** |

Petitioner Rigoberto Zenjedas Trujillo filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 23, 2026. (ECF 1.) For the reasons stated below, the Petition is **granted**.

**FACTUAL BACKGROUND**

Petitioner Rigoberto Zenjedas Trujillo is a noncitizen who is currently detained in the Adelanto ICE Detention Center, within the Central District of California. (ECF 1 ("Pet.") ¶ 4.) Petitioner entered the United States without inspection in 1989 and has lived in the United States since then. (Pet. ¶ 5, 7, 79.)

Petitioner was detained on an unknown date and placed in removal proceedings. (Pet. at 22.) In June 2026, Petitioner filed a counseled petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that his continued detention violates the Immigration and Nationality Act. (Pet. at 23-24.) He asked that the Court order a bond hearing. (Pet. at 25.)

Respondents' Answer notes that Petitioner appears to be a member of the *Maldonado Bautista* class and subject to the judgment in that case—that is, that he is entitled to a bond hearing. (ECF 11 ("Answer") at 3.)

## ANALYSIS

Petitioner claims that his detention without a bond hearing violated the INA, regulations, and due process. (Pet. at 23-24.) After review of the relevant authority, the Court agrees and thus recommends that his Petition be granted.

A court of this District found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA and issued a declaratory judgment to that effect. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at *8-*22, 32 (C.D. Cal. Dec. 18, 2025). In this District, at least, that decision has preclusive effect on the Respondents here, who were also Respondents in *Maldonado Bautista. Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., Inc.*, 632 F.3d 1111, 1123 (9th Cir. 2011). ("A declaratory judgment is 'legally binding on the parties' to a case."). Petitioner is a *Maldonado Bautista* class member—that is, he entered without inspection, was not apprehended on arrival, and is not subject to detention under § 1226(c), 1225(b)(1), or § 1231. Under *Maldonado Bautista*, then, Petitioner is entitled to a bond hearing at which his detention is considered under § 1226(a). Given Respondents' concession, nothing more need be said. *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

To the extent Petitioner requests outright release, the request is denied. To be sure, the Court is sympathetic to Petitioner's frustration that it took Petitioner filing a habeas petition to get what he was entitled to under *Maldonado Bautista*—but "chilling" Respondents' conduct (ECF 13 ("Reply") at 2) is not a proper end of habeas, and Petitioner has not offered any other basis on which such relief would be appropriate. Nor is the Court inclined to enjoin a regulation that may or may not be invoked in Petitioner's case (Pet. ¶¶ 53-77)— though if DHS invokes that provision, Petitioner may so indicate in the status report ordered below.

## CONCLUSION

For the foregoing reasons, it is ordered that: (1) the Petition is granted as to Count One pursuant to *Maldonado Bautista*; (2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order; (3) in light of the narrow scope of relief sought in the Petition and the relief granted on Claim One, the Petition is denied as to Count Two without prejudice; (4) Petitioner shall file a status report no later than July 21, 2026, indicating whether there is any reason judgment should not be entered in the case. If Petitioner fails to file a status report, the Court will enter judgment.

DATED:  July 10, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

3